CV-04 0535

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------

ANDRA B. HARRY

        Plaintiff,

-against-

CREDIT BUREAU OF NAPA VALLEY, INC.

        Defendant.

-------------------------------------------------------

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ FEB 09 2004 ★
LONG ISLAND OFFICE

GLEESON, J.
GOLD, M.

## CLASS ACTION COMPLAINT

### Introduction

1. Plaintiff Andra B. Harry seeks redress for the illegal practices of Credit Bureau of Napa Valley, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

### Parties

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, purportedly owed to Retailers National Bank - Target.

4. Upon information and belief, Credit Bureau of Napa Valley is a California corporation with its principal place of business is located in Sonoma, California.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

## Jurisdiction and Venue

7. This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

## Allegations Particular to Andra B. Harry

9. On information and belief, on a date better known by defendant, defendant began to attempt to collect an alleged consumer debt from the plaintiff.

10. On information and belief, on or about September 29, 2003 defendant sent the plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. Said letter fails to set forth the defendant's license with the New York City Department of Consumer Affairs.

12. Upon information said omission was for the purpose so that consumers could not readily register complaints with the Department of Consumer Affairs concerning the defendant's collection practices.

13. Upon information and belief, defendant does not have a license number with the Department of Affairs.

14. The said letter is in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §

1692e, 1692(10) and 1692f for engaging in deceptive and unfair practices.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.*

15. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-14 as if set forth fully in this cause of action.

16. This count is brought on behalf of plaintiff and the members of a class.

17. The Class consists of consumers who received the same form letter, as did the plaintiff.

18. The Class consists of all persons whom Defendant's records reflect resided in the New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about September 29, 2003 (b) the collection letter was sent to a consumer seeking payment of an alleged debt; and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. § 1692e, 1692e(5), 1692e(10) and 1692f by engaging in illegal and deceptive practices.

19. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal

question presented by this claim is whether the defendant violated the FDCPA by failing to obtain a license and/or publish said license on its collection letters.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

20. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

21. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

22. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

23. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

## *Violations of the Fair Debt Collection Practices Act*

24. The defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

25. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
February 3, 2004

_____
Adam J. Fishbein (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)

```
1247 BROADWAY                                    CHASE RECEIVABLES
SONOMA, CA 95476                                 A Professional Collection Agency
                                                 (800) 622-0484
Address Service Requested
                                                 PLEASE CALL BETWEEN
                                                 Monday-Friday 5am to 8pm PST


September 29, 2003                               RE: RETAILERS NATIONAL BNK-TARGET
                                                 For:
#BWNFTZF                                         Client ID:90023223272590
#CHRD61115309295#                                Interest:$            0.00
ANDRA HARRY  00350977-EA                         Chase# 00350977
265 HAWTHORNE ST APT 3L
BROOKLYN, NY 11225-5900
                                                 TOTAL BALANCE: $      390.50
```

                    (800) 622-0484
                    HABLAMOS ESPANOL

TAKE ADVANTAGE OF OUR OFFER TO SETTLE YOUR ACCOUNT FOR LESS THAN THE FULL BALANCE.


                         ***CALL NOW***


PAYMENT METHODS AVAILABLE BY PHONE: ANY MAJOR CREDIT CARD, DEBIT, CHECKING
ACCOUNT, POST DATED CHECKS. TO WESTERN UNION SEND TO CHASE RECEVIABLES,
SCORE CA.

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED
FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.


          PAY ON LINE www.chaserec.com/paymethod.php today!


---

                DETACH AND RETURN THIS PORTION WITH YOUR PAYMENT.

Home Phone: _____    Work Phone: _____


```
RETAILERS NATIONAL BNK-TARGET
90023223272590                              ANDRA HARRY
                                            265 HAWTHORNE ST APT 3L
                                            BROOKLYN, NY 11225-5900
Chase# 00350977-EA
CHASE RECEIVABLES                           AMOUNT: $       390.50
1247 BROADWAY
SONOMA CA  95476
```

                                                    JL07.CHR195.8.09/29/03A.00836 836